# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CARPENTER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>HERRERA, et al.,<br><br>　　　　　　Defendants. | CASE NO. 1:11-cv-01760-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE<br><br>ECF No. 1<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**　**Background**

　　　Plaintiff Eric Carpenter ("Plaintiff") is a prisoner in the custody of the Bureau of Prisons ("BOP"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action. On October 20, 2011, Plaintiff filed his complaint. ECF No. 1.

　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.    Summary of Complaint

Plaintiff is incarcerated at United State Penitentiary-Atwater ("USP-Atwater") in Atwater, California, where the events giving rise to this action occurred.  Plaintiff names the following individuals as Defendants: Mark Fischer, CCS of the records department of USP-Atwater; Herrera, unit manager of 2-A USP-Atwater; Lawson, records manager of USP-Atwater; and Captain Kielman of USP-Atwater.

Plaintiff alleges the following.  Plaintiff contends that he has served his 120-month time and should be released to a half-way house.  Plaintiff explained to Defendant Herrera on October 3, 2011 of his arguments.  Plaintiff wrote a letter to Defendant Fischer regarding his arguments and showed Defendant Fischer his claims.  Defendant Lawson denied Plaintiff's request on October 5, 2011.  All three Defendants reviewed Plaintiff's claims and denied them.  Defendant Kielman was also informed of Plaintiff's claim and shown proof on October 1, 2011.

Plaintiff requests that his sentence be fixed and that his release date and half-way house date be fixed immediately.

## III.   Analysis

"[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Because

Plaintiff seeks relief only available through a habeas claim, the Court will dismiss this action without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphrey*, 512 U.S. 477, 87 (1994).

**IV.    Conclusion**

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 30, 2012**                              /s/ Dennis L. Beck
                                                          UNITED STATES MAGISTRATE JUDGE